# EXHIBIT "A"

## Summons and Complaint

Sheila Anderson
v.
The Boeing Company

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF CHARLESTON COUNTY** ) | |
| **SHEILA ANDERSON** ) | **CIVIL ACTION COVERSHEET** |
| Plaintiff(s) ) | 17 -CP- 10 - 925 |
| **vs.** ) | |
| **THE BOEING COMPANY** ) | |
| Defendant(s) ) | |

| | |
|---|---|
| (Please Print) | SC Bar #: 12341 |
| Submitted By: BONNIE TRAVAGLIO HUNT | Telephone #: 843-553-8709 |
| Address: POST OFFICE BOX 1845, GOOSE CREEK SC 29445 | Fax #: 843-492-5509 |
| | Other: |
| | E-mail: BTHUNT@HUNTLAWLLC.COM |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
***If Action is Judgment/Settlement do not complete***

☒ **JURY TRIAL** demanded in complaint.　　☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | 20___-CP-___-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) Employment | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:**　　　　　　　　　　**Date:**　**February 13, 2017**

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY
### Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA )     IN THE COURT OF COMMON PLEAS
                               )
COUNTY OF CHARLESTON )

SHEILA ANDERSON,           )    C.A. No.: 2017-CP-___-_____
                          )
      Plaintiff,       )
                          )
Vs.                   )
                          )
THE BOEING COMPANY,    )
                          )
     Defendant.     )

## SUMMONS
### (JURY TRIAL REQUESTED)

You are hereby summoned and required to answer the complaint in this action, a copy of which is hereby served upon you, and to serve copy of your Answer to the Complaint on the subscriber at her office at 4000 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405 or by Mail at Post Office Box 1845, Goose Creek, SC 29445within thirty (30) days after the service hereof, exclusive of the day of service.  If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

HUNT LAW LLC

Bonnie Travaglio Hunt
Physical Address:
4000 Faber Place Drive, Suite 300,
North Charleston, SC 29405
Mailing Address
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
bthunt@huntlawllc.com

February 13, 2017

STATE OF SOUTH CAROLINA )      IN THE COURT OF COMMON PLEAS

                             )

COUNTY OF CHARLESTON       )

SHEILA ANDERSON,                )      C.A. No.: 2017-CP-___-_____

                             )

       Plaintiff,               )

                             )

Vs.                               )

                             )

THE BOEING COMPANY,        )

                             )

       Defendant.            )

                             )

## COMPLAINT AND JURY DEMAND

     The Plaintiff, Sheila Anderson, by and through her attorney, Bonnie Travaglio Hunt, hereby complains against the Defendant, The Boeing Company as follows:

### NATURE OF THE ACTION

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq.*). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2.      This action is also brought pursuant

3.      This action is also brought pursuant to the Americans with Disabilities Act (ADA).

4.      This action is brought pursuant to the laws of South Carolina.

### PARTIES

5.      The Plaintiff is an individual residing in Charleston County, South Carolina.

6.      On information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

1

7.    At all times, relevant to the allegations in this Complaint, the Defendant employed more than 20 persons in the State of South Carolina.

8.    At all times, relevant to the allegations in this Complaint, the Defendant operated a facility in the State of South Carolina.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

10.    Jurisdiction of this Court arises under Title VII 42 U.S.C. 2000 and 42 U.S.C. 1981.

11.    Jurisdiction of this Court arises under the Age Discrimination in Employment Act of 1967 (hereafter the ADEA), 29 U.S.C. Section 621, et seq.

12.    The County of Charleston is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

### Procedural Prerequisites

13.    That the Plaintiff filed her Employment Initial Inquiry Questionnaire with the South Carolina Human Affairs Commission on April 12, 2016 with supporting documentation.

14.    The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination, sex discrimination and disability discrimination.

15.    The Plaintiff's first charge of discrimination was filed on June 10, 2016 and set forth the following:

2

I.      "Personal Harm: (1) Disciplined, yearly, Continuing Action; (2) Denied Equal Wages, 9/4/15-1/2016; (3) Harassed, Continuing Action; (4) Involuntary Transfer, 3/4/2016; (5) Denied Reasonable Accommodation, 3/29/2016.

II.     Respondent's Reasons for Adverse Treatment: (1) She could have a done a better job. Was not give a raise. (2) She could have done more work, done a better job. No raise was given. (3) No real reason given. (4) To keep her away from Robin Masirovits. (5) No reason given.

III.    Complainant's Contentions: (1) I had more accomplishments than my white co-workers, but I was disciplined and not given raise. (2) A white co-worker, Robin Masirovits, received the best review and raise, but she doesn't have near amount of accomplishments that I have. I was manipulated.

IV.     My supervisor, Robert Chelton, said that I didn't turn in any of my paperwork for my review, but that is a liie. I turned in all of my paperwork. (3) I am the only black employee in my department now. All others have left because they can not handle it. Robin Masirovits has constantly been disrespectful to me and my co-workers. My workplace has been hostile. ON March 3, 2016, me and Robin had an argument. She posted to facebook: "SOME DAYS I COULD TAKE A FEW RIFFLES AND FUCK SOME SHIT UP. SO OVER TODAY. HOPER THERE IS BEER IN THE FRINGE." This was very disturbing to me because my ex-husband shot me in the past. (4) I shouldn't have had to move. Robin should have been made to move, not me. (5) My doctor said that I should have been allowed to have a safe space to work, but it was either accept the transfer to go back to working with

3

Robin. They said they were running out of options. I went on leave instead, and am still on leave until June 1st.

V.    Discrimination Statement (1) Therefore, I believe I was discriminated based on my race (black), qualified disability, and in retaliation for my opposition to employment practices declared unlawful by the South Carolina Human Affairs Law, Title VII of United States Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended."

16.    The Plaintiff's right to sue from her first charge of discrimination was dated December 15, 2016.

17.    The Plaintiff filed a second charge of discrimination on September 16, 2016 alleging Race Discrimination, Retaliation, Sex Discrimination, Age Discrimination, and Hostile Work Environment.

18.    "This is my second charge of discrimination against my employer. I filed my first charge of discrimination on June 10, 2016. The first charge failed to include Hostile Work Environment. I have also suffered further retaliation. management began to retaliate against me for my charge of discrimination.

"My employer has created a hostile work environment based on retaliation for my complaints regarding Race, Retaliation and Disability Discrimination. My supervisor, began to systematically harass me regarding my performance creating a hostile work environment. My supervisor has also failed and refused to give ma a raise recently.

"I have reported my supervisor's behavior to Human Resources. However, Human Resources has failed and refused to handle or change the behavior. I was finally transferred

4

temporarily to another department. However, due to the temporary nature of the transfer my supervisor has further retaliated against me.

"After my charge of discrimination and my complaints regarding retaliation the work environment became severe and pervasive. That I have been retaliated against and suffered a hostile work environment in violation of the Title VII.

"During my employment I have been subjected to discrimination based on my sex. That my employer has treated me differently based on my sex by paying me differently and retaliating against me for my complaints regarding pay. That I have been discriminated against in violation of Title VII based on sex. That my employer has allowed my supervisor to create a hostile work environment based on my complaints and race discrimination. That the work environment has been severe and pervasive in violation of Title VII."

19.   That the EEOC issued a right to sue on the Plaintiff's second charge of discrimination on January 9, 2017.

20.   That fewer than ninety days have elapsed since the Plaintiff received the Right to Sue on the Plaintiff's first and second charges of discrimination.

## FACTUAL BACKGROUND

21.   That the Plaintiff is a resident of the United States.

22.   That the Plaintiff is an African American female over the age of forty.

23.   That the Plaintiff was hired by the Defendant on August 19, 2011.

24.   That when the Plaintiff was hired she Policies and Procedures that governed her employment with the Defendant. The policies and procedures included by were not limited to Guidelines for Manager on Managing Threatening Behaviors, Threats, and Acts of

violence in the workplace, Code of Conduct, Workplace Harassment and Sexual Harassment.

25.    The policies and procedures were updated throughout the Plaintiff's employment.

26.    That the Plaintiff most current position was Production Coordinator in Fabrication.

27.    That the Plaintiff has extensive experience and training in Aircraft.

28.    The Plaintiff has worked at the North Charleston, South Carolina facility since 2011.

29.    The Plaintiff currently holds the position of Program Coordinator B.

30.    In 2015, the Plaintiff complained of conduct regarding her supervisor. The complaint was determined to be unfounded. The Plaintiff also substantiated another individuals complaint against her supervisor for poor treatment.

31.    On January 6, 2016, the Plaintiff received her close out review for the year 2015.

32.    On January 29, 2016 the Plaintiff's manager came to kitting to discuss the 2016 pm with the team.

33.    In February of 2016, the Plaintiff performed and developed a project that is extensively used by Boeing professionals.

34.    On March 2, 2016, after a meeting a co-worker posted on social media that *"Some days I could take a few riffles and Fuck some shit up. So over today. Hoper there's beer in the fridge."*

35.    The Plaintiff had a history of communication issues with this co-worker, Robin Mos

36.    The Plaintiff believed that the action was directed at the Plaintiff and triggered her PTSD.

37.    The Plaintiff was informed on March 3, 2016 by Boeing that the employee had been suspended pending an investigation. The Plaintiff was further informed that security would be at her office on Rivers Ave when she arrived at work. The Plaintiff arrived at her office

6

on March 3, 2016 and was met by her manager, a counselor and Human Resources Representative. At that time the Plaintiff was offered a reasonable accommodation and moved from her position to 5400 International Drive. The Plaintiff accepted the move and reported to the main site to sort cutters and work on work orders.

38. ~~On March 3, 2016, the Plaintiff was moved to the grind shop at the main site.~~

39. On March 29, 2016, Robert Chelton, the Plaintiff's manager informed the Plaintiff that the co-worker had been returned to work. Chelton further informed the Plaintiff that a new position had been found for her in the tool crib.

40. The Plaintiff informed Chelton that she did not wish to return to the hostile work environment.

41. That the Plaintiff asked why she was required to move when it was the other individual who had threatened her. Chelton informed her that she had no choice and was required to return to the Department.

42. That based on the representations the Plaintiff was taken out of work by her physician.

43. That on March 29, 2016 the Plaintiff was pulled out of work by her physician.

44. On March 31, 2016, the Plaintiff contacted the Defendant's internal EEOC department notifying them that she would like to file a complaint of Race Discrimination, Harassment, and Hostile Work Environment. The Defendant's Internal EEOC department took the Plaintiff's BEM's Number and phone number and informed the Plaintiff that someone would be in touch with her.

45. On April 5, 2016, the Plaintiff received a phone call from Boeing's EEOC and asked if someone had contacted her. The Plaintiff informed them no one had contacted her. She

was again informed by the Defendant's EEOC Department that someone would be getting in touch with her.

46. On April 6, 2016, the Plaintiff sent an email to Thomas E. Carney with Boeing and informed him that she wished to file a complaint Race Discrimination, Retaliation, Harassment and Hostile Work Environment and had not been contacted by anyone with Boeing.

47. That on April 6, 2016 the Plaintiff was approved for Family Medical Leave from 3/302016 to April 11, 2016.

48. On April 10, 2016, the Plaintiff was treated at Trident Medical Center for Anxiety and Stress Reactions.

49. On April 12, 2016, the Plaintiff contacted the SCHAC and filed an Initial Inquiry Questionnaire.

50. On April 13, 2016, the Plaintiff's therapist informed the Defendant that PTSD had been triggered by her co-worker's threat. The letter also requested that the Plaintiff be provided a reasonable accommodation. The letter also informed the Defendant that the Plaintiff was committed to the treatment process and eager to return to work in her full capacity.

51. On April 15, 2016, the Plaintiff received approval   for FMLA leave from 4/12/2016 to 5/31/2016.

52. That the Plaintiff was required to take medical leave from April 28, 2016 to 5/31/2016 due to Anxiety and Stress caused by the Hostile Work Environment.

53. On April 29, 2016, the Plaintiff was informed that her Short-Term Disability application was placed in a hold status.

54. That the Plaintiff's leave for Family Medical Leave was approved on May 9, 2016.

8

55. On May 31, 2016, the Defendant was informed by the Plaintiff's treating physician that Ms. Anderson was being treated for post-traumatic stress disorder (PTSD) because of the incident that had occurred at work with a Caucasian co-worker. The physician's statement also requested a reasonable accommodation.

56. On June 1, 2016, the Plaintiff returned to work with her requests from her physicians for reasonable accommodation. That the Defendant's, medical center informed the Plaintiff that she could not return to work until such time as her doctor had completed Boeing's form.

57. Prior to returning to work the Plaintiff sent an extensive explanation to Quenette Standford regarding her employment history with the Defendant and her complaints regarding discrimination, retaliation and hostile work environment. That the Plaintiff further informed Standford of her issues with the employee who had threatened the employees of Boeing and the actions this employee had taken in the Department to create hostility and an uncomfortable working environment.

58. That the reasonable accommodation only requested that the Plaintiff "avoid workplace situations that are related to the traumatic incident and limiting stressful situations that could be perceived as a threat." The reasonable accommodation request also set forth that the Plaintiff was able to perform all of the essential job functions but the issue Is with the coworker.

59. The return to work without the accommodation would have required the Plaintiff to work with the individual who issued the threat for an hour or more due to overlapping of shifts at turnover, weekly meetings and EI team meetings. The requirements would have been a violation of the reasonable accommodation request from the Plaintiff's physician.

9

60. On June 1, 2016, the Plaintiff contacted Chelton and the HR rep, Quennette Standford, requesting where she should report to work. She also informed Quennette Standford that she had a work place accommodation from her doctor.

61. On June 2, 2016, Cather Havelka provided Chelton, and several others the Plaintiff's Boeing Reasonable Accommodation and Health Care provider Information.

62. On June 2, 2016, the Plaintiff returned to work. The Plaintiff was informed that Boeing could accommodate the Plaintiff.

63. That on June 2, 2016, the Plaintiff was told by Boeing's RN to contact Boeing Leave Servcie Center to extend her leave. Boeing's RN also informed the Plaintiff that she would contact Boeing's Disability Management Representative.

64. On June 3, 2016, Sherry Ilderton contacted the Plaintiff and informed her that she needed to contact a meeting with the Plaintiff and her manager for an Interactive discussion regarding her accommodation request.

65. On June 3, 2016 the Plaintiff returned to work for the meeting. During the meeting two options were discussed. Both options involved placing the Plaintiff back in the work environment with the co-worker who had issued the threat. The Plaintiff informed the Defendant that she would not feel comfortable going back to work in that department. The Plaintiff would be required to work with the co-worker including 2 to 3 meetings a week. The Plaintiff expressed her anxiety and concern regarding there being thousands of jobs and individuals employed but they wanted to return her to the hostile work environment that her physician had informed them was not within her treatment plan.

66. At that meeting, Sherry Ilderton informed Chelton and the HR rep, Quennette Standford, that the accommodations were an HR issue not a reasonable accommodation issue.

10

67. The Plaintiff was instructed to extend her leave with the Boeing leave service center until Boeing could return her to work.

68. That on June 6, 2016 the Plaintiff contacted the Leave Center and informed them she needed an extension to June 10, 2016.

69. That each of these actions with the Defendant created a hostile work environment for the Plaintiff. That the Defendant consistently demanded that the Plaintiff return to the department where the trigger for her anxiety was located.

70. On June 9, 2016, The Plaintiff contact Brenda Chapman, HR in a different department to discuss the accommodation. The Plaintiff requested that Chapman assist her in finding a place for her to work. Chapman stated that the reasonable accommodation requests were temporary.

71. That the Defendant failed and refused to protect the Plaintiff from a hostile work situation. That the Defendant failed and refused to provide the accommodation stating that the issue was an HR issue not an ADA issue.

72. That the Plaintiff was actually on medical leave from March 29, to June 13, 2016.

73. That on June 13, 2016, the Plaintiff returned to work at Boeing in a different organization. That the Plaintiff was placed on a temporary assignment based on her physicians' instructions and request for reasonable accommodation.

74. On June 15, 2016, the Plaintiff was informed by Boeing that her leave documentation was incomplete and that Boeing did not have sufficient information to make a determination.

75. The Plaintiff filed her first Charge of Discrimination on June 10, 2016.

76. That when the Plaintiff returned from her leave of absence she received an evaluation. That the Evaluation failed and refused to consider the Project that the Plaintiff developed and

11

implemented in February of 2016. At no time was the Plaintiff placed on a performance improvement plan.

77.    That the evaluation was a complete warping of the Defendant's policies and procedures to harm the Plaintiff and further complicate her disability.

78.    That the Defendant's manager, Chelton intentionally misapplied certain aspects to the Plaintiff's evaluation in order to lower her score. That the Plaintiff protested the actions of the Chelton but was rebuffed.

79.    That based on the evaluation the Plaintiff sought guidance from management that had been employed for over 25 years with Boeing and was informed by other management individuals that when an employee is out based on medical leave and return to work they are given a meets in order to facilitate good faith as they had no control over their circumstances.

80.    That the negative evaluation of the Plaintiff was in retaliation for her complaints regarding discrimination based on race and perceived disability and hostile work environment.

81.    Chelton's actions were to harm the Plaintiff and negatively affect her career with the Defendant. That Chelton has a history of poorly treating employees and the Defendant has failed and refused to correct the behavior. That the Defendant has failed and refused to follow its own policies regarding discrimination, retaliation and work place violence.

82.    On July 29, 2016, the Plaintiff was informed by the Department of Labor that she did not have a FMLA violation but suspected that there was an ADA violation. The Department further informed her that there may be a private right of action under the FMLA.

83.    On August 16, 2016, the Plaintiff was contacted by Robert Chelton, CTSC Leader at Boeing regarding the Plaintiff's Service Award Event and those who could participate.

84. Despite the fact that the Plaintiff was not working in Chelton's department he requested that the award be given in his department and with his employees. This was Chelton's attempt to make the Plaintiff meet with Robin Masirouits. The Plaintiff had made a reasonable accommodation through her physician and counselor to not be around Robin Masiriouits.

85. That the harassment to participate in her Service Award Event with her old department rose to the point of being severe and pervasive. That the Defendant intentionally went out of their was to harm the Plaintiff. The Defendant intentionally left the Plaintiff on a temporary assignment to harm her and retaliate for her complaints.

86. That the Plaintiff received her evaluation for 6/10/2016-12/31/2016 on December 1, 2016. The Plaintiff received met expectations and exceed expectations in every category by her Supervisor Lafayette Stephens.

87. That since being transferred the Plaintiff has performed exceptionally well and not had any performance issues that were propagated by Chelton.

88. That based on the Defendant's actions the Plaintiff suffered lost wages. That the Plaintiff was required to take extensive medical leave she was not paid for because the Defendant failed and refused to return her to work.

89. That the Plaintiff has suffered irreparable damage to her reputation and her career based on the representations that Chelton has placed in the Plaintiff's employee file.

90. That the coworker who threatened the employees of Boeing was returned to work in the same position with no consequences but the Plaintiff was required to move.

91. That the Plaintiff had a record of complaints with the Defendant starting in 2015 regarding discrimination based on race. That the acts of the Defendant in failing to protect the

13

Plaintiff were a direct result of her disability and in retaliation for her previous complaints regarding race discrimination, retaliation and hostile work environment.

92. That the Plaintiff on numerous occasions complained to security about the actions that Chelton was taking against employee and his reviewing of security tapes in violation of Boeing's policies. Several employees during the Plaintiff's employment made complaints about Chelton and his threats against them, his racist remarks, belittling and overall poor management skills.

93. At all times the Plaintiff was able to perform all aspects of her position with or without accommodation and did so.

94. That the Plaintiff was discriminated against based on her perceived disability, age, race and retaliation for her complaints.

95. During the Plaintiff's employment, the Plaintiff suffered discrimination based on her disability, age, race and retaliation for her complaints.

96. That each of the reasons provided by the Defendant for not accommodating the Plaintiff were to harass the Plaintiff, harm the Plaintiff and retaliate against the Plaintiff.

97. That Defendant wrongfully discriminated against the Plaintiff in violation of the Americans' with Disabilities Act, Title VII  42 U.S.C. 2000, 42 U.S.C. 1981 and the Age Discrimination in employment Act.

98. That each of the reasons presented by the Defendant was pretextual.

99. Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

100. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering,

14

mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

101.    That the Defendant is the direct and proximate cause of injury to the Plaintiff.

102.    That the Plaintiff was issued certain policies and procedures by the Defendant.

103.    The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

104.    That as a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

105.    Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her perceived disability.

106.    That the Defendant, treated the Plaintiff significantly differently based on her age.

107.    That the Defendant, evaluated the Plaintiff more harshly than other non-disabled individuals who did not complain.

108.    That the Plaintiff treated the Caucasian coworker more favorably.

109.    That the Defendant's actions towards the Plaintiff violated the law.

110.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

111.    That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, race and perceived disability, the Plaintiff:

    a.    suffered severe emotional distress;

    b.    suffered future lost wages and future lost benefits;

    c.    suffered economic damages;

15

d.      Loss of employment;

e.      Loss of Future employment;

f.      incurred attorney fees for this action;

g.      incurred costs of this action; and

h.      will incur future attorney fees and costs.

112.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

113.    That the Defendant evaluated the plaintiff differently based on her complaints, disability, race and complaints.

114.    That the Plaintiff's employer discriminated against the Plaintiff based on her race, disability and complaints.

115.    That the Defendant, failed and refused to pay the equally, failed and refused to discipline Caucasian, non-disabled persons the same.

116.    That during the Plaintiff's employment the Plaintiff applied for the EDGE program on 4 different occasions. That Chelton refused to consider the plaintiff in retaliation for her complaints against him regarding discrimination and hostile work environment. That Chelton rated the Plaintiff low on her 2016 evaluation so she would not be eligible for the program under her new supervisor. That Chelton failed and refused to allow the Plaintiff take the EDGE program in retaliation. That Chelton's actions have affected the Plaintiff career and damaged her potential. That the Defendant was well aware of Chelton's actions and failed and refused to correct the behavior. The Plaintiff has been significantly damages

16

as a result of the actions of Chelton regarding the EDGE program. The Plaintiff is entitled to damages as result of the Defendant's actions against her.

117.    That the Defendant is the proximate and direct cause of damage to the Plaintiff.

## FOR A FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

### IN VIOLATION OF THE AMERICANS WITH DISABITIES ACT

118.    That Paragraphs one (1) through one hundred and seventeen (117) are hereby incorporated verbatim.

119.    The Defendant is an employer as defined in ADA.

120.    That the Plaintiff is an employee as defined by the ADA.

121.    That the Plaintiff was considered an exemplary employee.

122.    That while she has been employed with the Defendant, the Plaintiff has been able and has performed her job duties in a satisfactorily level of the Defendant.

123.    That the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions, failure to promote, failure to transfer, failure to discipline other individuals, and the Plaintiff's constructive discharge from employment.

124.    That the Plaintiff applied for the EDGE program on 4 different occasions under Chelton. That Chelton refused and ignored the requests.

125.    That the Defendant's reasons for denying the Plaintiff's promotion, giving her a low evaluation were discriminatory and failing to reasonably accommodate her were based on her disability.

17

**FOR A SECOND CAUSE OF ACTION**

**AGE DISCRIMINATION IN VIOLATION OF THE**

**AGE DISCRIMINATION IN EMPLOYMENT ACT**

132.    That paragraphs one through one hundred and thirty one (131) are hereby incorporated verbatim.

133.    That the Plaintiff was subjected Age Discrimination while employed with the Defendant.

134.    That the Defendant, treated the Plaintiff significantly differently based on her age.

135.    That the Defendant, treated the Plaintiff sifnificantly different than it treated younger employees.   That the Defendant did not disicpline younger employees for actions that would have been terminable offesnses.   That the Defendant treated younger employees more favorably with bigger raises, better evaluations and no discipline.

136.    That the Defendant failed to allow the Plaintiff in the EDGE program but allowed several younger individuals and offered no explaination to the Plaintiff as to why she was not selected.

137.    When the Plaintiff had the opporunity to succeed into the EDGE program she was purposefully provided a negative evaluation to make her inelligible.

138.    The Defendant threatened the Plaintiff with significant discipline in retaliation for her complaints regarding discrimination.

139.    That the Defendant's actions towards the Plaintiff violated the law.

140.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

141.    That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

    a.      suffered severe emotional distress;

19

     b.     suffered future lost wages and future lost benefits;

     c.     suffered economic damages;

     d.     Loss of employment;

     e.     Loss of Future employment;

     f.     incurred attorney fees for this action;

     g.     incurred costs of this action; and

     h.     will incur future attorney fees and costs.

142.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A THIRD CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. 1981

143.    That Paragraphs one (1) one hundred and forty-two (142) are hereby incorporated verbatim.

144.    That the Plaintiff participated in a protected act when she reported racial discrimination, racial harassment, and hostile work environment.

145.    That the Defendant allowed the Plaintiff to be discriminated against based on her race in violation of their own policies and procedures.

146.    That the Plaintiff reported the discrimination. That the Defendant failed and refused to correct the behavior. That the behavior became worse after the Plaintiff's reports.

147.    That the Defendant allowed the Plaintiff's supervisor to treat Caucasian employees more favorably without repercussions.

148.  That the Defendants discriminated against the plaintiff based on her race.

149.  That the Defendants took adverse employment action against the Plaintiff by:

    (a)  Failing to protect the Plaintiff from a Racially Hostile work environment; and

    (b)  Refusing to enforce its own policies concerning discipline of employees engaging in harassing comments.

150.  That the Defendants subjected the Plaintiff to discrimination in violation of the law.

151.  That, as a direct and proximate result of the Defendants' intentional, unlawful and retaliatory actions, the Plaintiff:

    (a)  Suffered severe emotional distress;

    (b)  Suffered lost wages and benefits;

    (c)  Suffered future lost wages and benefits;

    (d)  Incurred attorney's fees and costs of this action.

152.  That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

## RETALIATION FOR COMPLAINTS REGARDING RACE DISCRIMINATION, AGE DISCRIMINATION, SEX DISCRIMINATION, FMLA VIOLATIONS AND HOSTILE WORK ENVIRONMENT COMPLAINTS

153.  That Paragraphs one (1) one hundred and fifty-two (152) are hereby incorporated verbatim.

154.  That the Plaintiff was an employee according to the law of the State of South Carolina, Federal Law including but not limited to Title VII, ADA, and ADEA.

21

155. That the Plaintiff made complaints regarding the Defendant's failure to properly handle FMLA leave to the Department of Labor. As a result of the Plaintiff's complaints the Plaintiff has been retaliated against. That the Defendant is the proximate and actual cause of damage to the Plaintiff. That the damage is a direct result of the Plaintiff's complaints regarding the Defendant to follow its own policies and procedures regarding the FMLA.

156. That the Plaintiff has filed 2 charges of discrimination regarding race, age, disability and retaliation during her employment. As a result of those charges the plaintiff has been treated differently and subjected to retaliation.

157. That the Plaintiff complained of discrimination based on her race, age and her disability.

158. That the Defendant retaliated against the Plaintiff by placing her in the most hostile work environment, threatening her with a PIP, and removing her from work and refusing to return her to her position, providing her with a negative evaluation to prevent promotion and entrance into the EDGE program, negatively affecting her ability for promotion and rebuffing her complaints.

159. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints.

160. That the Plaintiff was considered an exemplary employee by many of her supervisors until the Plaintiff supported others in their complaints against her supervisor in 2015, made complaints regarding race discrimination, made complaints regarding a hostile work environment, complaints regarding age and sex discrimination that were affecting her pay and terms and conditions of her employment.

161.    As a result of the Plaintiff's complaints regarding discrimination based on her Race, Age, Disability and hostile work environment based on her previous complaints the Defendant retaliated against the Plaintiff.

162.    The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

163.    As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

164.    That the Defendant is the direct and proximate cause of injury to the Plaintiff.

165.    That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII, ADA and ADEA.

## FOR A FOURTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

166.    That Paragraphs one (1) through one hundred sixty-five (165) are hereby incorporated verbatim.

167.    That the Plaintiff was an employee of the Defendants.

168.    That the Defendants are employers in accordance with Title VII, ADEA and the Americans' with Disabilities Act.

169.    That the Defendants subjected the Plaintiff to a hostile work environment.

170.    That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

23

171.    The Plaintiff was subjected to discrimination based on her Race, Age, Sex and disability.

172.    That the Defendant failed and refused to address the situation.

173.    That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Age, Sex, and Disability.

174.    That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

175.    That the Plaintiff has been damaged as a result of the Defendant work environment.

176.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

177.    That the Plaintiff is entitled too actual, compensatory, consequential and punitive damages from the Defendant as a result of the hostile work environment.

178.    That the Plaintiff is entitled to attorney's fees and costs from the Defendant.

### FOR A FIFTH CAUSE OF ACTION

### SEX DISCRIMINATION

179.    That Paragraphs one (1) through one hundred and seventy-eight (178) are hereby incorporated verbatim.

180.    The Defendant, Boeing is an employer as defined in Title VII.

181.    That the Plaintiff is an employee as defined by Title VII.

182.    That while the Plaintiff was employed with the Defendants, the Plaintiff was able and had performed her job duties in a satisfactorily level of the Defendants.

183.    That the Plaintiff was subjected to sexual discrimination by her direct supervisors.

184.    That the Plaintiff regularly was subjected to sexist remarks and treated differently based on her sex.

24

185. That the Defendant failed and refused to hire the Plaintiff for certain position based on her sex.

186. That the Defendant disciplined and evaluated the plaintiff differently based on her sex.

187. That the Plaintiff's employer discriminated against the Plaintiff based on her sex.

188. That the Defendant, failed and refused to pay the equally, failed and refused to discipline younger men equally and failed to treat women the same as younger men.

189. That the Defendant discriminated against the Plaintiff based on her sex.

190. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

191. That the Plaintiff has suffered severe emotional and career damages as a result of the Defendant discrimination against the Plaintiff.

192. That in discriminating against the Plaintiff based on consideration of her sex the Defendant violated 42 U.S.C. 2000e, et seq. Title VII.

193. That as a direct result of the Defendant's violation of Title VII the Plaintiff has suffered:

    a. Economic damages from the loss of her position;

    b. Loss of benefits associated with loss of her position;

    c. Economic hardship;

    d. Suffered anxiety, humiliation and emotional damages.

194. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B.  Empanel a jury to hear and decide all questions of fact;

C.  Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D.  Award to plaintiff compensatory and consequential damages against the defendant;

E.  Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of sexual discrimination;

F.  Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of the Title VII, ADA and ADEA;

G.  Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

H.  Award all damages available to the Plaintiff pursuant to Federal and State Law;

I.  Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in sexual discrimination, disparate treatment or retaliation against plaintiff and

J.  enter any other order the interests of justice and equity require.

HUNT LAW LLC

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated:  February 13, 2017

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Sheila A. Anderson | From: | Savannah Local Office |
|---|---|---|
| 8081 Shadow Oak Drive | | 7391 Hodgson Memorial Drive |
| North Charleston, SC 29406 | | Suite 200 |
| | | Savannah, GA 31406 |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Janice D. Smith, | |
| 415-2016-01105 | Investigator | (912) 920-4482 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Bernice W. Smith for*

**Bernice Williams-Kimbrough,**
**Director**

Enclosures(s)

JAN 0 9 2017

*(Date Mailed)*

| cc: | |
|---|---|
| Catherine A. Diga | Bonnie T. Hunt |
| EEO Investigator | HUNT LAW LLC |
| THE BOEING COMPANY | Post Office Box 1845 |
| 5000 E. McDowell Rd | Goose Creek, SC 29445 |
| Mesa, AZ 85215 | |

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Sheila A. Anderson
8081 Shadow Oak Drive
North Charleston, SC 29406

From: Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 14C-2016-00584 | Joyce A. Dawkins, State & Local Coordinator | (404) 562-6881 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

DEC 1 5 2016
(Date Mailed)

Enclosures(s)

cc: Catherine Diga, EEO Investigator
The Boeing Company
Global Diversity & Employee Rights, SW Region
5000 E. McDowell Road
MS M510—A107
Mesa, AZ 85215

# HUNT LAW LLC

Bonnie Travaglio Hunt attorney at law

February 13, 2017

The Honorable Julie Armstrong
100 Broad Street
Charleston, SC 29401

RE:    *Sheila Anderson v. The Boeing Company*

Dear Ms. Armstrong:

Please find enclosed the Plaintiff's Summons and complaint for filing with your office. Please
also find enclosed a filing fee and a self addressed stamped envelope. Please file with your
office and return in the self-addressed stamped envelope. Thank you for your attention to this
matter.

Sincerely,

Bonnie Travaglio Hunt

POST OFFICE BOX 1845
GOOSE CREEK SC 29445
(843)554-6363
Bthunt@huntlawllc.com