IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sheila Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:17-cv-891-BHH |
| v. | ) | |
| | ) | **ORDER** |
| The Boeing Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Plaintiff Sheila Anderson's ("Plaintiff" or "Anderson") complaint against Defendant The Boeing Company ("Defendant" or "Boeing"), alleging the following claims: (1) disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); (3) race discrimination in violation of Title VII of the Civil Rights Act of 1967 ("Title VII") and 42 U.S.C. § 1981; (4) retaliation for complaints regarding race discrimination, age discrimination, sex discrimination, FMLA violations, and hostile work environment claims; (5) hostile work environment; and (6) sex discrimination in violation of Title VII.  Defendant filed a motion for summary judgment asserting that Plaintiff's allegations lack merit and not supported by the evidence or applicable law.  In response to Defendant's motion, Plaintiff conceded that she is not pursuing her claims for age discrimination under the ADEA and sex discrimination under Title VII but opposed Defendant's motion as to her other claims.  (ECF No. 38 at 33.)

On November 19, 2018, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Mary Gordon Baker

issued a Report and Recommendation, outlining the issues and recommending that the Court grant Defendant's motion for summary judgment. Plaintiff filed objections to the Report, and Defendant filed a reply. For the reasons set forth herein, the Court adopts the Magistrate Judge's Report and grants Defendant's motion for summary judgment.

## **ANALYSIS**

As an initial matter, Plaintiff's only arguably specific objection to the Magistrate Judge's Report is her assertion that the Magistrate Judge failed to consider the facts in the light most favorable to Plaintiff. After review, however, the Court finds this objection without merit. Not only is Plaintiff's objection entirely conclusory, but also, Plaintiff fails to point to a single question of fact either (1) that the Magistrate Judge overlooked or failed to consider or (2) that creates a genuine issue of material fact as to her claims.

For example, Plaintiff asserts in her objections that Magistrate Judge focused on Plaintiff's statement to Boeing EEO in November of 2015 and ignored the fact that Plaintiff made other complaints about Mr. Chelton to Human Resources in March of 2015. This is not accurate, however, as the Magistrate Judge explained that from 2014 to 2015 "Plaintiff made several complaints about Ms. Masirovits, including the fact that Mr. Chelton showed favoritism towards Ms. Masirovits because of their apparent "friendship." (ECF No. 48 at 2.) The Magistrate Judge further noted that Plaintiff's complaints about Mr. Chelton included statements about his management style and alleged criticism and gossiping about other employees, and her statement that Mr. Chelton "retaliated" against employees. (*See id.* at n. 1.)

In addition, Plaintiff objects that the Magistrate Judge addressed only Plaintiff's complaint about Ms. Masirovits' Facebook post and failed to address Plaintiff's earlier

2

complaints to Human Resources about Ms. Masirovits constantly talking about her gun and about Plaintiff's PTSD.  Plaintiff asserts that she began complaining about the hostile work environment created by Ms. Masirovits in August of 2015.  (ECF No. 49 at 7.)  This objection has no bearing on Plaintiff's hostile work environment claim because, even assuming this fact, Plaintiff has utterly failed to demonstrate how either Mr. Chelton's or Ms. Masirovits' actions were motivated by race.  Moreover, to the extent Plaintiff alleges this fact in relation to her claim for disability-based discrimination and Defendant's alleged failure to make a reasonable accommodation based on her PTSD, the Court again finds that this objection has no bearing on Plaintiff's claim because the evidence overwhelmingly demonstrates that Defendant satisfied its obligations under the ADA.  Ultimately, the Court finds that Plaintiff's objections fail to point to any evidence, other than Plaintiff's bare speculation, to support her claims.

Moreover, the remainder of Plaintiff's objections amount to nothing more than a regurgitation of Plaintiff's previously filed response in opposition to Defendant's motion for summary judgment, with entire pages simply copied and pasted directly from that filing.  (*Cf.* ECF Nos. 38 and 49.)  For example, the first three pages of Plaintiff's objections correspond exactly to pages two through five of her response, to the extent that Plaintiff's objections even mistakenly include the sentence: "The Plaintiff hereby files her response to the Defendant's motion."  (ECF No. 49.)  Plaintiff's objections then include a standard of review section on pages five and six, setting forth the general legal principles applicable to the review of a Report and Recommendation and a motion for summary judgment.  Notably, this section includes the only law Plaintiff cites to in her objections.  Pages eight and nine of Plaintiff's objections include paragraphs taken verbatim from pages 11 and 12

of her response to Defendant's motion.  Pages 10 and 11 of Plaintiff's objections includes entire paragraphs taken from pages 15 through 17 of Plaintiff's response.  Pages 11 through 14 of Plaintiff's objections are taken from pages 17 through 19 of her response.  The bottom of page 14 and top of page 15 of Plaintiff's objections continues with language taken from pages 35 and 36 of her response.  Pages 15 and 16 of Plaintiff's objections include language taken from pages 32 and 33 of Plaintiff's response.  In all, it appears that Plaintiff has simply repackaged her response in opposition to Defendant's motion for summary judgment as objections to the Magistrate Judge's Report, and the Court finds that the portions of Plaintiff's objections that are copied directly from her prior pleadings lack sufficient specificity to entitle Plaintiff to *de novo* review.[1]  Stated plainly, Plaintiff is not entitled to the second bite of the apple that she seeks.

After review, therefore, the Court finds Plaintiff's conclusory assertion that the

---

[1] The United States District Court for the Western District of Virginia once reviewed objections to a Magistrate Judge's Report that were copied directly from prior pleadings and determined that this practice does not constitute the submission of specific, written objections and does not entitle a plaintiff to *de novo* review.  *See Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D.Va. 2008).  In *Veney*, the plaintiff's objections were "an almost verbatim copy of the 'Argument' section" of the plaintiff's brief, and the court explained that it was improper for Plaintiff "to seek re-argument and reconsideration of her entire case in the guise of objecting."  *Id.* at 844; *see also Hobek v. Boeing Company*, 2017 WL 3085856, *2 (D.S.C. July 20, 2017).  The court explained: "'The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act..'"  539 F. Supp. 2d at 845 (quoting *Howard*, 932 F.2d at 509).  Likewise, the Fourth Circuit has held that "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  The court explained:

> To conclude otherwise would defeat the purpose of requiring objections.  We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered.  In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

478 F.3d at 22.

Magistrate Judge failed to consider the facts in the light most favorable to Plaintiff without merit, as Plaintiff fails to point to a single fact that creates a genuine issue of material fact as to her claims. In addition, as previously noted, the Court finds remainder of Plaintiff's objections, which amounts to nothing more than a repackaging of her prior pleading, wholly without merit. Ultimately, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law in her thorough Report, and the Court hereby adopts the Magistrate Judge's Report in full and specifically incorporates it in this order.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's Report (ECF No. 48) is adopted in full and specifically incorporated herein; Plaintiff's objections (ECF No. 49) are overruled; and Defendant's motion for summary judgment (ECF No. 34) is granted.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 19, 2019
Charleston, South Carolina